UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALLEN CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:23-cv-00442-HAB-SLC |
| | ) | |
| NEW BERN TRANSPORT | ) | |
| CORPORATION, *doing business as* | ) | |
| Pepsi Beverages North America, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On October 18, 2023, Defendant removed this action to this Court from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendant's allegations in the notice of removal pertaining to Plaintiff's citizenship, however, are inadequate. An individual's citizenship for purposes of diversity jurisdiction is determined by his domicile, not his residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). That is, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also*

*Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

In the notice of removal, Defendant alleges the following pertaining to Plaintiff's citizenship:

> Plaintiff, by his own admission, is a resident of Allen County, Indiana. (Ex. 1, Complaint at ¶ 1). Plaintiff does not allege that he has any intention of leaving Indiana. (Id.) Therefore, Plaintiff is domiciled in the State of Indiana and is a citizen of Indiana for purposes of diversity jurisdiction.

(ECF 1 ¶ 7). The Court views this statement in the notice of removal as insufficient to establish Plaintiff's domicile. It is true that Plaintiff alleges in his complaint that he "is currently a resident of . . . Indiana." (ECF 6 ¶ 1). But the fact that Plaintiff "does not allege that he has any intention of leaving Indiana" sheds no actual light on his state of domicile, given that including such a statement in his complaint would seem rather irrelevant to his pleading.

Defendant bears the burden of demonstrating that complete diversity has been met, *Chase*, 110 F.3d at 427, and here it has not yet carried that burden. Therefore, Defendant is AFFORDED to and including November 3, 2023, to file a supplemental jurisdictional statement that adequately alleges Plaintiff's citizenship for diversity purposes.[1]

SO ORDERED. Entered this 23rd day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Further, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).