UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLEN CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00442-HAB-SLC |
| | ) |
| NEW BERN TRANSPORT | ) |
| CORPORATION, *doing business as* | ) |
| Pepsi Beverages North America, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff filed this action in state court on September 22, 2023 (ECF 6), and Defendant timely removed it here, alleging diversity jurisdiction, 28 U.S.C. § 1332 (ECF 1). On October 18, 2023, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Civil Rule of Civil Procedure 12(b)(6). (ECF 2). Now before the Court is Plaintiff's motion to amend complaint filed on November 17, 2023, together with a proposed first amended complaint that adds certain factual allegations. (ECF 21, 21-1). Defendant timely filed a response in opposition to the motion, asserting that allowing the amendment would be futile because it fails to correct the deficiencies identified in the motion to dismiss. (ECF 26). Plaintiff filed a reply brief (ECF 28), and therefore, the motion is now ripe for ruling.

Plaintiff asserts that he "is entitled to amend his Complaint as a matter of right" pursuant to Federal Rule of Civil Procedure 15 and Indiana Trial Rule 15. (ECF 28 at 2). Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Plaintiff served his complaint on September 25, 2023, and Defendant filed its motion to dismiss on October 18, 2023. (ECF 1 ¶ 4; ECF 2). Plaintiff did not file his motion to amend until November 17, 2023 (ECF 21), which is more than 21 days after service of the complaint and more than 21 days after Defendant filed the motion to dismiss. As such, Plaintiff is incorrect in asserting that he is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a). Further, as to Indiana Trial Rule 15, that rule is irrelevant now that the case is in federal court. *See Castagna v. Newmar Corp.*, No. 3:15-CV-249 JD, 2019 WL 13272486, at *1 n.1 (N.D. Ind. Apr. 5, 2019) (stating that Indiana's Trial Rules are "inapplicable in federal court").

Having ruled out amendment as a matter of course, a party may amend his pleading only with leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). In that regard, the court "should freely give leave [to amend] when justice so requires." *Id.* Having said that, "district courts may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith." *White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022) (citation, internal quotation marks, and brackets omitted); *see also Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). Here, Defendant opposes the motion solely on the basis of futility.

This case is still in its infancy, having been filed just three months ago, and Plaintiff has not previously amended his complaint. No deadline has yet been set for amendments to the pleadings, and thus, the motion is timely filed. As the Court sees it, Defendant's objections based on futility "are more appropriately raised in a motion to dismiss . . . when they can be addressed in a more concise manner." *Kelly v. Laminated Prods., Inc.*, No. 99 C 50234, 2001 WL 503051, at *1 (N.D. Ill. May 10, 2001); *see Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KLM, 2021 WL

2

3816113, at *2 (D. Colo. Apr. 26, 2021) ("[T]he Court is inclined instead to allow [the party] to amend and leave the question of whether she has adequately stated claims against other parties to be decided on a fully-briefed dispositive motion . . . ."). "Courts around the country have routinely held that it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend, particularly when the futility arguments are duplicative of arguments raised in a motion to dismiss." *MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 3:20-cv-50056, 2022 WL 3369275, at *4 (N.D. Ill. Aug. 16, 2022) (citing *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021)). Accordingly, the Court declines to take up Defendant's futility arguments in the context of Plaintiff's motion to amend, particularly given Defendant's pending motion to dismiss (ECF 2).

To reiterate, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiff's motion to amend (ECF 21) is GRANTED. The Clerk is DIRECTED to show Plaintiff's first amended complaint (ECF 21-1) as filed.

SO ORDERED.

Entered this 28th day of December 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge