UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLEN CARSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-00442-HAB-SLC |
| NEW BERN TRANSPORT CORPORATION, *doing business as* Pepsi Beverages North America, | ) |
| Defendant. | ) |

## OPINION AND ORDER

At a telephonic hearing on December 20, 2023, Plaintiff asked the Court for leave to conduct limited discovery in connection with preparing an amended complaint to remedy certain alleged deficiencies identified in Defendant's pending motion to dismiss (ECF 2) filed on October 18, 2023. (ECF 32). Defendant opposed Plaintiff's request, and the Court temporarily stayed discovery pending the Court's ruling on the motion to dismiss, ordering the parties to file briefs about Plaintiff's request for limited discovery. (*Id.*).[1] Now before the Court is a motion to compel filed by Plaintiff, together with a brief in support of his request to perform limited discovery. (ECF 36, 37). Defendant filed a response in opposition to the motion to compel, and Plaintiff filed a reply brief, making the matter ripe for ruling. (ECF 38, 41).

In the motion to compel, Plaintiff explains that prior to filing this lawsuit, his counsel requested certain documents from Defendant pertaining to Plaintiff's termination. (ECF 36 ¶ 2). Specifically, Plaintiff states that he requested:

---

[1] Since the December 20, 2023, hearing, the Court granted Plaintiff's then-pending motion to amend, and Plaintiff filed an amended complaint on December 28, 2023. (ECF 21, 33, 34). On January 10, 2024, however, Defendant filed a motion to dismiss Plaintiff's amended complaint. (ECF 39). Therefore, the discovery dispute is not moot.

    a.    A copy of any transcription or other written memoranda of a statement taken by any person having knowledge of the subject matter of this litigation . . . ;

    b.    A copy of the Defendant's drug policy;

    c.    A copy of complete employment record for Plaintiff . . . ;

    d.    A copy of employee manual, all documents reviewed or generated by Defendant during their one-day investigation to terminate Plaintiff; and

    e.    A copy of all documents and manuals held by Defendant for employees that hold a [commercial driver's license].

(*Id.* ¶ 3). Plaintiff claims in his brief that these discovery requests are "crucial to the claims and allegations pertaining to the Defendant's illegal misconduct" (*id.* ¶ 10), and argued at the hearing on December 20, 2023, that he needs this information to draft an effective amended complaint or response to the pending motion to dismiss (ECF 32). Defendant objects to Plaintiff's document requests as premature, asserting that good cause exists to continue the stay on all discovery pending the Court's ruling on the motion to dismiss. (ECF 38).

    There are several reasons why Plaintiff's motion to compel must be denied, all of which are procedural in nature. First, Plaintiff has not complied with Local Rule 37-1, which requires a party filing a discovery motion to file a separate certification that he has "conferred in good faith or attempted to confer" with the other party in an effort to resolve this dispute without court action. N.D. Ind. L.R. 37-1(a). Such certification must set forth "(1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference." *Id.* Plaintiff's failure to file the separate certification, standing alone, is sufficient grounds to deny the motion to compel. N.D. Ind. L.R. 37-1(b).

2

Second, Local Rule 26-2 states that a party filing a motion to compel "must file with the motion those parts of the discovery requests or responses that the motion pertains to." N.D. Ind. L.R. 26-2(b). While Plaintiff summarized the document requests in the body of the motion to compel (ECF 36 ¶ 3), he failed to file a copy of the actual document requests as an attachment to the motion, creating additional grounds to deny the motion.

Third, Federal Rule of Civil Procedure Rule 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Rule 26(d)(2) further states that while a party may deliver an early document request under Federal Rule of Civil Procedure 34 "[m]ore than 21 days after the summons and complaint are served on a party," "[t]he request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2). Here the parties held their first Rule 26(f) conference on November 20, 2023 (ECF 22), making any early document requests due thirty days later—on December 20, 2023. Fed. R. Civ. P. 34(b)(2)(A). However on December 20, 2023, the Court temporarily stayed all discovery pending the Court's ruling on the motion to dismiss, asking the parties to brief the dispute concerning Plaintiff's request for limited discovery. (ECF 32). As such, Defendant was not obligated to respond to Plaintiff's pending discovery requests on December 20, 2023, making the instant motion to compel premature. For all of these reasons, Plaintiff's motion to compel will be DENIED.

Having disposed of the motion to compel, the Court turns to Plaintiff's request for limited discovery. As stated earlier, at the December 20, 2023, hearing the Court temporarily stayed

3

discovery pending the ruling on the motion to dismiss and ordered the parties to file briefs on their dispute about Plaintiff's request for limited discovery. (ECF 32).

"District courts have broad discretion in controlling discovery." *Duneland Dialysis LLC v. Anthem Ins. Cos.*, No. 4:09-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010) (citation omitted). "Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery." *Id.* (citation omitted). While the filing of a motion to dismiss may be an appropriate circumstance in which to limit discovery, "the filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion." *Id.* (citation and brackets omitted). "Rather, to determine whether a stay of discovery is warranted, the court must look at the individual case." *Id.* (citation omitted). "A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue . . . ." *Nextstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011) (citation omitted).

In its motion to dismiss, Defendant asserts that Plaintiff's amended complaint fails to state a claim upon which relief can be granted. (ECF 40). Plaintiff, in turn, contends that he needs the limited discovery to obtain certain facts from Defendant about his termination that are not in his possession, in order to file an amended complaint or response to the motion to dismiss to respond to the alleged deficiencies asserted in Defendant's motion to dismiss. (ECF 32; ECF 41 at 2-3). Having considered the parties' respective arguments, Defendant has failed to persuasively show that the requested limited discovery "is unlikely to produce facts necessary to

defeat" the motion to dismiss. *Nexstar Broad.*, 2011 WL 4345432, at *2. Nor does the requested discovery appear particularly burdensome for Defendant to produce. Furthermore, Plaintiff will be prejudiced if he is prevented from obtaining facts in Defendant's possession that could possibly allow him to defeat the motion to dismiss and plausibly plead his claims. As such, the Court will ALLOW the limited discovery requests that Plaintiff seeks. *See Cole v. Int'l Sch. of Ind., Inc.*, No. 1:20-cv-3301-TWP-MG, 2021 WL 1338860, at *2 (S.D. Ind. Apr. 9, 2021) (finding in an employment case that the defendant "ha[d] not met its burden to establish that good cause exists for a blanket stay of all discovery" (citation omitted)).

In sum, Plaintiff's motion to compel (ECF 36) is DENIED without prejudice. The Court LIFTS the stay on discovery (ECF 32) to allow Plaintiff's five document requests (ECF 36 ¶ 3).[2] Plaintiff's five document requests are DEEMED SERVED, and Defendant is AFFORDED to and including February 7, 2024, to respond to them. Accordingly, the Court *sua sponte* EXTENDS Plaintiff's deadline to respond to the motion to dismiss (ECF 39), or PERMITS Plaintiff to file an amended complaint in light of the motion to dismiss, to and including February 28, 2024. The stay on discovery otherwise continues pending the ruling on the motion to dismiss (ECF 39).

SO ORDERED.

Entered this 24th day of January 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

[2] Plaintiff incorrectly refers to these document requests in his reply brief as "requests for admission." (ECF 41 at 1).