UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ALLEN CARSON,

    Plaintiff,

    v.                                                        Case No. 1:23-CV-442-GSL-SLC

NEW BERN TRANSPORT
CORPORATION,

    Defendant.

## OPINION AND ORDER

Before this Court are two motions to dismiss. Plaintiff sued his former employer, Defendant, for wrongful termination. [DE 6]. Defendant responded to Plaintiff's Complaint [DE 6] with their Motion to Dismiss. [DE 2]. Plaintiff then filed a motion to amend his complaint, which the Court granted. [DE 21; DE 21-1]. Defendant, in response, filed their Motion to Dismiss Plaintiff's Amended Complaint [DE 39]. Defendant's Motion to Dismiss [DE 2] is DENIED as moot. For the reasons below, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 39] is GRANTED.

## BACKGROUND

Plaintiff was employed with Defendant for approximately six years, from 2017 until June 2023, when he was terminated. [DE 34, Page 2]. "Without any explanation," on or about June 8, 2023, Plaintiff was ordered by Defendant's representative to provide a urine sample. *Id.* Plaintiff traveled to the appropriate medical facility and provided a urine sample as directed by medical staff. *Id.* However, once medical staff took the urine sample from Plaintiff, the urine sample would not provide a temperature reading. *Id*. Plaintiff was informed he should sign a paper acknowledging that there was an incomplete drug test, but that he could comeback when a male

doctor was available to observe the urine sample. [DE 34, Page 3]. Plaintiff signed the document, which he neither read nor received, and was dismissed from the test. *Id.* As a result of this incomplete drug test, Plaintiff was terminated. Plaintiff now brings suit against Defendant alleging his termination was wrongful. [DE 34, Page 4-6].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, pled facts must be construed in favor of the plaintiff. *Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865-866 (N. D. Ind. 2022) (citing *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995)). Although the court accepts "the well-pleaded facts in the complaint as true, legal conclusions and conclusory allegations ... are not entitled to this presumption of truth." *Dix v. Edelman Fin. Servs.,* LLC, 978 F.3d 507, 513 (7th Cir. 2020) (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

## DISCUSSION

Federal courts sitting in diversity, like here, apply federal procedural law and state substantive law, so this Court will apply Indiana employment law. *See Austin v. Walgreen* Co., 885 F.3d 1085, 1089 (7th Cir. 2018). Indiana has recognized two forms of employment: (1) employment for a definite or ascertainable term, and (2) employment at-will. *See Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). Importantly, the determination of

whether an employee is at-will is a legal determination. *Eck and Assoc., v. Alusuisse Flexible Packaging, Inc*., 700 N.E.2d 1163, 1167 (Ind. Ct. App. 1998).

An employee with an employment contract containing a definite term may not be terminated before the end of the term except for cause or by mutual agreement, assuming the employer has not otherwise reserved the right to terminate. *Orr*, 689 N.E.2d 712, 717. Under Indiana law, if an employment contract with a definite term does not exist, "employment may be terminated by either party at will, with or without cause." *Ryan v. Ctr. Twp. Constable's Office*, 2016 U.S. Dist. LEXIS 118871, *10 (Ind. S.D., Sept. 2, 2015) (citing *Harris v. Brewer*, 49 N.E.3d 632, 639 (Ind. Ct. App. 2015)). The at-will employment presumption is "strong" in Indiana, and courts are "disinclined to adopt broad and ill-defined exceptions to the employment-at-will doctrine." *Orr*, 689 N.E.2d 712, 717.

Here, there is no evidence Plaintiff signed an employment contract containing a definite term with Defendant, which makes Plaintiff an at-will employee. Notwithstanding this, Plaintiff asserts that "the procedures and standards set forth in the handbook and company policies" are evidence he was not an at-will employee. [DE 43, Page 6].

It is unsettled whether an employee handbook could ever constitute a unilateral contract and bind an employer under Indiana law. *See Peters v. Gilead Scis., Inc.*, 533 F.3d 594, 599 (7th Cir. 2008) (citing *Orr*, 689 N.E.2d at 719-20). Indiana courts have historically declined to uphold handbooks as employment contracts altering the at-will employment relationship absent either (1) a definite term of employment or (2) the employee's providing adequate independent consideration in addition to the services rendered. *See Wior v. Anchor Indus., Inc.*, 669 N.E.2d 172, 178 n. 6 (Ind. 1996) ("We also affirm the trial court regarding its conclusion that [defendant's] Employee Handbook does not create a claim since [plaintiff] provided no

3

additional independent consideration"); *Shannon v. Bepko*, 684 F. Supp. 1465, 1478 (S.D. Ind. 1988) (finding that "Indiana courts have been unequivocal in their rejection of alleged property rights based on employee handbooks"); *Rice v. Rent-A-Center of America, Inc.*, 664 F. Supp. 423, 426-27 (N.D. Ind. 1987) (applying Indiana law and finding employer's operations manual was not an enforceable employment contract since it neither contained an identifiable term of employment nor was supported by "any separate consideration beyond [the plaintiff's] mere promise to render services"); *Tri-City Comprehensive Community Mental Health Ctr., Inc. v. Franklin*, 498 N.E.2d 1303, 1305 (Ind. Ct. App. 1986) (rejecting plaintiff's claim that an employee handbook without a definite tenure of service created a unilateral contract); *Ryan v. J.C. Penney Co., Inc.*, 627 F.2d 836, 836-38 (7th Cir. 1980) ("Indiana law is settled without a promise of employment for a definite term or consideration beyond services rendered, no enforceable employment contract is created."). For an employee handbook to constitute a unilateral contract and bind an employer under Indiana law, the handbook would need to contain "a promise clear enough that an employee would reasonably believe that an offer had been made." *Orr*, 689 N.E.2d at 720 (citation omitted). In addition, there must be "adequate independent consideration" to convert an at-will relationship into an employment relationship. *Id. at 722*.

There are various scenarios in which an employee's forbearance may provide adequate independent consideration to convert an at-will relationship into an employment relationship. For example, Indiana courts have held that giving up a competing business, conveying a valuable coal lease in exchange for employment, and releasing an employer from liability on a personal injury claim could all constitute adequate independent consideration. *Orr*, 689 N.E.2d 712, 722. The court further explained in *Whiteco Industries* that "[i]t is only where a different and

4

substantial detriment is incurred such as releasing a claim for personal injuries or assignment of a lease to the employer that separate consideration has been found to exist." *Whiteco Industries, Inc. v. Kopani*, 514 N.E.2d 840, 844 (Ind. Ct. App. 1987) *trans. denied; see Lavery v. Southlake Center for Mental Health*, 566 N.E.2d 1055, 1057 (Ind. Ct. App. 1991) (requiring additional independent consideration resulting in a detriment to the employee and a corresponding benefit to the employer to convert at-will employment to an employment relationship). To prove that the handbook converted Plaintiff's at-will relationship to an employment relationship, Plaintiff would need to have shown the existence of a "promise clear enough that an employee would reasonably believe that an offer had been made," and show that he provided "adequate independent consideration. *See Orr*, 689 N.E.2d at 720-722 (citation omitted). Plaintiff fails at both junctures.

First, Plaintiff does not allege nor point this Court to a single phrase in the handbook that could be a "promise clear enough that an employee would reasonably believe that an offer had been made." Further, while Plaintiff argues that holding a "commercial driver's license" and "at all times" adhering to Defendant's rule regulations and requirements under the handbook as an employee somehow constitutes "adequate independent consideration," neither of Plaintiff's examples are, in fact, evidence of "adequate independent consideration." This is because in exchange for maintaining his commercial's driver license and following the employee handbook, Plaintiff received at-will employment. To convert his at-will employment into an employment relationship, Plaintiff would need to provide different, additional consideration which was explicitly in exchange for a definite term of employment. *See Whiteco Industries, Inc. v. Kopani*, 514 N.E.2d 840, 844 (Ind. Ct. App. 1987) *trans. denied*.  Because Plaintiff does not allege he provided additional consideration in exchange for a definite term of employment, this Court

finds no evidence that the handbook converted Plaintiff's at-will relationship into an employment relationship.

Plaintiff also argues that if an employment contract for an ascertainable term of employment does not exist and if he was an at-will employee, an exception to the employment-at-will doctrine applies. [DE 43, Pages 8-12]. The Indiana Supreme Court has recognized three exceptions to the employment-at-will doctrine: (1) if an employee establishes that "adequate independent consideration" supports the employment contract; (2) if a clear statutory expression of a right or duty is contravened; and (3) if the doctrine of promissory estoppel applies. *Orr*, 689 N.E.2d at 718. When an exception to the employment-at-will doctrine applies, an employer may be liable for wrongful discharge for without just cause. *See McGarrity v. Berlin Metals, Inc*., 774 N.E.2d 71, 76 (Ind. Ct. App. 2002). Plaintiff makes unsuccessful arguments for each of the exceptions.

As discussed above, Plaintiff has not provided any type of adequate independent consideration which would have converted his at-will employment to an employment relationship. Moving to exception two, when clear statutory expression of a right or duty is contravened, Plaintiff alleges he was terminated in retaliation for exercising his right to privacy and refusing to provide a urine sample in front of a supervisor. [DE 34, Page 6]. This exception to at-will employment was originally intended to provide relief for employees who were terminated in retaliation for filing a statutory workers' compensation claim, *Frampton v. Central Indiana Gas Co*., 297 N.E.2d 425, 428 (Ind. 1973), but has since been cautiously expanded to protect employees fired for fulfilling a statutory duty, which is the theory Plaintiff asserts. *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 393 (Ind. 1988). Indiana courts have guarded the limited reach of this exception, holding it should be "limited and strictly construed."

6

*Bienz v. Bloom*, 674 N.E.2d 998, 1002 (Ind. Ct. App. 1996); *see Wior v. Anchor Indus.,* 669 N.E.2d 172, 178 n.5 (Ind. 1996) (noting the Court's "reluctance to broaden exceptions to the employment-at-will doctrine" and its unwillingness "to adopt generalized exceptions to the employment-at-will doctrine in the absence of clear statutory expression of a right or duty that is contravened.").

Here, Plaintiff cites only one case, *Students*, to support the proposition that a statutory right to privacy would be violated by having a supervisor present while an employee provides a urine sample. *See Students & Parents for Privacy v. Sch. Dirs. of Twp. High Sch. Dist. 211*, 377 F. Supp. 3d 891, 894 (N.D. Ill. 2019). That case is simply not applicable here. At issue in *Students* is whether a school district can allow male students who identify as female to use privacy facilities (i.e., bathrooms and locker rooms) designated for use by the female sex and allow female students who identify as male to use privacy facilities designated for the male sex. *Students & Parents for Privacy v. Sch. Dirs. of Twp. High Sch. Dist. 211*, 377 F. Supp. 3d 891, 894 (N.D. Ill. 2019). *Students* does not establish a right to privacy which would be violated by having an employer present during an employee's drug screen. Plaintiff's arguments fail as to this exception, as well.

Finally, as to the third theory, the doctrine of promissory estoppel, Plaintiff was required to plead "the doctrine with particularity, demonstrating that the employer made a promise to the employee, the employee relied on the promise to his detriment, and the promise otherwise fits within the Restatement test for promissory estoppel." *Harris v. Brewer*, 49 N.E. 3d. 632, 644 (Ind. Ct. App. 105) (citing *Baker v. Tremco, Inc.*, 917 N.E.2d 650, 654 (Ind. 2009)). In his Amended Complaint [DE 34] Plaintiff alleges "Defendant made a promise to Plaintiff to adhere to the procedures and standard set forth in the handbook and company policies." [DE 34, Page

6:38]. In the following paragraph, he continues, "Plaintiff detrimentally relied on Defendant's promises to follow their own policies and handbook. [DE 35, Page 6:39]. Although this court is to accept well-pleaded facts in the complaint as true, legal conclusions are not entitled to this presumption of truth. *Dix v. Eldman Fin. Servs., LLC,* 978 F.3d 5407, 513 (7th Cir. 2020); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Plaintiff's allegations, without more, are simply legal conclusions. As a result, this argument of Plaintiff's fails also. None of the exceptions to the employment-at-will doctrine recognized by the Indiana Supreme Court carry the day.

## **CONCLUSION**

It is not this Court's role to alter Indiana's long-standing approach to employee handbooks or question its propriety. See *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1370 (7th Cir. 1985) ("Federal judges are disinclined to make bold departures in areas of the law that we have no responsibility for developing."). Since there was no employment contract, the employment manual at issue neither contained a definite term of employment nor was supported by adequate independent consideration, and since none of the exceptions apply, this Court finds that Plaintiff was an at-will employee, and as a result, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED [DE 39] and Defendant's Motion to Dismiss Complaint is DENIED as MOOT [DE 2]. The Court DIRECTS the Clerk of Court to DISMISS the case and enter judgment accordingly.

SO ORDERED.

ENTERED: July 18, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

8